**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| B/P SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-CV-04403 |
| | ) | |
| TARGET CORPORATION, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff B/P Services filed a two count complaint against Target Corporation claiming breach of contract for failing to pay for its landscaping and waste water management services and for statutory interest under Illinois law on the overdue payments. Target has moved to dismiss both counts, arguing that they are untimely and that the statutory interest claim is barred by the contract. For the reasons explained below, the Court grants the motion in part and denies it in part.

## BACKGROUND

The Court accepts, as it must on a motion to dismiss, all well-pleaded factual allegations as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Court also considers the written instrument (here, the contract) attached to the complaint. *See* Fed. R. Civ. P. 10(c), *Rosales v. Weltman, Weinberg & Reis Co.*, No. 15-CV-06943, 2017 WL 1436957, at *1 (N.D. Ill. Apr. 24, 2017). Plaintiff B/P Services ("B/P") is an Illinois corporation that provides "waste water management services, landscaping, maintenance, and snow plowing services." Compl. ¶ 1. According to the complaint, B/P and defendant Target Corporation ("Target") entered into a contract on or about September 24, 1998 for B/P to provide its services to Target's Illinois retail stores. *Id*. at ¶ 6. The contact did not have a specified termination date (the termination date is

marked as ongoing) and has "not been properly terminated by either party." *Id*. at ¶ 7. Pursuant to the contract, B/P provided its services and sent invoices to Target. *Id*. at ¶ 8-9.

The problem at issue here dates back to January 2006, when B/P continued sending invoices for its work each month but Target stopped paying them without warning or explanation. Compl. ¶ 10-12. B/P continued providing its services to Target even though the payments had stopped because B/P expected that Target would "catch up on its payments." *Id*. at ¶ 13-14. Apparently after some five years of non-payment, B/P sent a series of demand letters to Target requesting payment from December 2011 through February 2014. *Id*. at ¶ 15. Target ignored the letters and still has not paid for the invoiced work, which totals $626,400. *Id*. at ¶¶ 16, 18. According to the complaint, B/P did not "discover" Target "had no intention" of paying for its services until it ignored the first demand letter on December 16, 2011. *Id*. at ¶ 17. B/P filed this suit on April 18, 2016, claiming breach of contract and interest on the past-due payments. Target has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

Target makes two principal arguments as to why this case should be dismissed. First, it contends that the case is time-barred by the statute of limitations. Second, it argues the count seeking interest should be dismissed because it seeks to apply an Illinois statute where the contract calls for the application of Minnesota law.

### I. Statute of Limitations

The contract states that it shall be "governed in all respects by the laws of the State of Minnesota," Compl. Ex. A ¶ 13, but the parties agree that Illinois law governs the procedural issue of the statute of limitations. *See Gas Tech. Inst. v. Rehmat*, 524 F. Supp. 2d 1058, 1069 (N.D. Ill. 2007) ("Illinois applies forum law to procedural matters, which include statutes of

limitations. . . . This is true even where the litigants are parties to a contract containing a choice of law provision."). Illinois has two statutes of limitations for contracts: a five year statute of limitation for unwritten contracts, 735 ILCS 5/13-205, and a ten year statute of limitations for written contracts, 735 ILCS 5/13-206. Target opens with the bizarre argument that because two paragraphs of the complaint are "murky" and might be construed as an attempt to alter the terms of the contract, the written contract is not a written contract. *See* Def.'s Mem. at 4. A contract is considered "written" if "all essential terms are reduced to writing and can be ascertained from the instrument itself." *Hassebrock v. Ceja Corp.*, 29 N.E.3d 412, 421 (Ill. App. Ct. 2015). The cited complaint paragraphs do not attempt to change the essential terms of the contract, which are clearly stated on its face. Both paragraphs go merely to B/P's knowledge and subjective expectations – one states that it expected Target to catch up on the payments, the other that it did not "discover" Target would not pay until after it send the first demand letter and received no response. *See* Compl. ¶¶ 14, 17. Neither of those is an attempt to introduce parole evidence to reinterpret the meaning of the contract. The contract itself clearly sets out the essential terms including the identity of the parties, their signatures, and the terms of the agreement (such as a promise to pay, the payment amount and schedule, and the work to be performed). *See Portfolio Acquisitions, L.L.C. v. Feltman,* 909 N.E.2d 876, 880 (Ill. App. Ct. 2009); *Toth v. Mansell*, 566 N.E.2d 730, 733 (Ill. App. Ct. 1991). This breach of (written) contract action is subject to the ten year statute of limitations in 735 ILCS 5/13-206.

Nevertheless, argues Target, even if a ten year statute of limitations is applied, this action is time-barred. The first unpaid invoice is dated January 1, 2006. *See* Compl. Ex. B-1 at 3. The invoice and contract indicate that payment is due within 30 days after receipt. *See id,* Compl. Ex.

A ¶ 3. Thus, the invoice was past due as of sometime in early February 2006.[1] This case was not filed until mid-April 2016, so the failure to pay invoices that had come due before then are outside the 10 year statute of limitations period (eliminating the invoices issued 1/1/06, 2/1/06 and likely 3/1/16).

Target argues, however, that because the first breach is outside the statute of limitations, the entire suit should be thrown out as untimely. Both parties point the Court to *Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402 (7th Cir. 1993). The Seventh Circuit in *Hi-Lite* held that a "continuous" contract is "capable of being partially breached on numerous occasions" and "[e]ach partial breach is actionable and is subject to its own accrual date and own limitation period." *Id.* at 1408-09. However, Target notes, the Seventh Circuit also stated that such a contract "is capable not only of a series of partial breaches but also a single total breach by repudiation or a material failure of performance." *Id.* at 1409. Because its only obligation was to pay the invoices, Target argues, its failure to do so by the deadline for the first invoice was a "material failure of performance" that would constitute a "single total breach." A breach is material if it is "so substantial and fundamental as to defeat the objects of the parties in making the agreement." *Insureone Indep. Ins. Agency, LLC v. Hallberg*, 976 N.E.2d 1014, 1027 (Ill. App. 2012). For example, a defendant who develops a competing venture without the plaintiff while failing to move forward with the business involving the plaintiff has material breached and repudiated its contract with the plaintiff. *Hassebrock*, 29 N.E.3d at 422.

The Court can find no support for the proposition that failure to timely pay a single invoice in an ongoing relationship is a total breach of contract such that further breaches should be uncompensated. If a company breached its contract "every time it failed to order a certain

---

[1] Target mistakenly asserts that the first missed payment was the invoice dated 2-1-2006, but the complaint indicates the payments stopped coming as of January.

number of leads," each of those failures would be a separate breach with its own statute of limitations. *Int'l Bus. Lists, Ltd. v. Am. Tel. & Tel. Co.*, No. 92 C 5844, 1994 WL 285079, at *4 (N.D. Ill. June 23, 1994). Similarly, where a contract calls for payments in installments, a separate statute of limitations applies to each missed payment. *Foster v. Mitsubishi Motors N. Am., Inc.*, 2016 IL App (4th) 160199, ¶ 17 (Ill. App. Ct. 2016) (*citing In re Marriage of Kramer*, 625 N.E.2d 808, 812 (Ill. App. Ct. 1993)). *See also Apex Dig., Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 966 (7th Cir. 2013) (each invoice deduction separate breach); *Luminall Paints, Inc. v. La Salle Nat'l Bank*, 581 N.E.2d 191, 194 (Ill. App. Ct. 1991) (failure to pay excess rents due at specified intervals each separate breach); *C-B Realty & Trading Corp. v. Chi. & N.W. Ry.*, 682 N.E.2d 1136, 1141 (Ill. App. Ct. 1997) (each failure to pay real estate taxes separate breach); *Teague v. Teague*, 847 F. Supp. 2d 1120, 1124 (N.D. Ill. 2012) ("each refusal or failure to provide documents on Henry's part constituted another breach of the Assignment Agreement"). Like excess rents, periodic taxes, or failure to place orders, each failure to pay an invoice was an independent breach with its own statute of limitations. Thus, B/P has stated a claim for breach of contract for failure to pay each invoice that became past due after April 18, 2006 and the motion to dismiss is denied as to the breach of contract claim for those breaches.[2]

---

[2] Target argues in four sentences that even if the statute of limitations does not bar the claim, it should be barred "[t]o the extent that laches may apply." Def.'s Mem. at 8. An argument that there "may" be a defense to a claim is plainly inadequate to warrant dismissal of the claim. Moreover, the Seventh Circuit has suggested that laches does not apply to breach of contract claims. *W. Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co.*, 794 F.3d 666, 679 (7th Cir. 2015). Furthermore, Target makes almost no effort to demonstrate that it has suffered prejudice, a requirement to assert a laches defense. *Id.* at 678. Target's only attempt is an unsubstantiated statement that its records were disposed of in the normal course of business. It is not clear which records were disposed of or how far back those records would have gone—the claimed invoices in this case stretch to 2015 and demand letters were sent as recently as 2014—but in any event the laches argument is entirely inadequate to warrant dismissal of the complaint.

## II. Applicability of Illinois Interest Law

The second count of the complaint brings a claim for interest under Illinois law, which provides a right to five percent annual interest for "all moneys after they become due on any bond, bill, promissory note, or other instrument of writing." 815 ILCS 205/2. Target objects first that the contract does not provide for interest upon termination of the contract. That argument must fail at this point because, according to the complaint, the contract was never properly terminated. Furthermore, the fact that the contract is silent on the matter of interest on past-due payments would not itself preclude the application of the statute. Target also argues (in a woefully perfunctory fashion, as even Target concedes) that the Illinois interest statute cannot be applied because the contract states it is subject to Minnesota law.

The parties can scarcely be said to have briefed this issue. Target's treatment of the issue in its initial memorandum comprises two sentences, one which cites the portion of the contract that applies Minnesota law, and another which argues (without any citation) that the Illinois law is therefore inapplicable. B/P responds by merely quoting the Illinois statute and stating that the contract is an "instrument of writing" under the statute, completing bypassing the state law issue. Target's reply merely notes that B/P failed to address the applicability of state law issue and again cites no case law. The Court would be within its rights to ignore such an underdeveloped argument. *See Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005) ("Perfunctory or undeveloped arguments are waived."); *Hudson v. City of Chicago*, No. 14-CV-06267, 2017 WL 2958085, at *4 (N.D. Ill. July 10, 2017) (argument made only in single sentence in opening and reply briefs waived). But the argument can be resolved readily, so the Court will address it despite the parties' failure to treat with it adequately.

815 ILCS 205/2 is recognized as an Illinois default rule around which parties may contract. *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 556 (7th Cir. 2002). The general consensus in this district appears to be that the Illinois interest statute should be applied only when the contract or the parties call for the application of Illinois substantive law (that is to say, by contracting for the application of the laws of another state, the parties have contracted around the default Illinois interest rule). *See, e.g., Stonewall Ins. Co. v. Argonaut Ins. Co.*, 75 F. Supp. 2d 893, 913 (N.D. Ill. 1999) (refusing to apply Illinois interest statute where governing law was California law); *Home Ins. Co. v. Kresser Nationwide Truckload Servs., Inc.*, No. 92 C 1035, 1995 WL 263419, at *6 (N.D. Ill. May 2, 1995) (applying Illinois interest statute where neither party raised issue that contract called for California law and neither party cited California authority and thus court applied Illinois law). *See also Am. Cas. Co. of Reading, Pennsylvania v. Morgan-White Underwriters, Inc.,* No. 02 CIV.931(WHP)(DF), 2003 WL 23374768, at *7 (S.D.N.Y. Sept. 30, 2003) (refusing to apply 815 ILCS 205/2 when New York law applied, instead applying New York law of interest). In what appears to be the only meaningful treatment of whether 815 ILCS 205/2 is procedural (and thus applies here) or substantive (and thus is not applicable in this case), Judge Paul Byron of Florida determined it was substantive and thus should be applied only if the contract is governed by Illinois law. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 212 F. Supp. 3d 1232, 1240 (M.D. Fla. 2016). *See also Green v. Nw. Tr. Co.*, 150 N.W. 229, 231 (Minn. Sup. Ct. 1914) (Minnesota interest law applies only if contract governed by Minnesota law). This Court agrees, especially since B/P has not meaningfully contested Target's assertion that Minnesota law governs the substantive aspects of this suit. Thus, the Court grants Target's motion to dismiss Count II.

*       *       *

For the reasons set forth above, the Court denies the motion to dismiss as to Count I (except as to invoices overdue prior to April 18, 2006) and grants the motion to dismiss as to Count II.

Dated: September 21, 2017

_____
John J. Tharp, Jr.
United States District Judge